IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDIA WIGLEY | ) | CIVIL ACTION-LAW |
| | ) | |
| Plaintiff | ) | NO: |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| FIRSTSOURCE | ) | |
| ADVANTAGE, LLC | ) | COMPLAINT |
| | ) | |
| Defendant | ) | FILED ELECTRONICALLY |

## COMPLAINT

**I.  INTRODUCTION**

1. This is an action for damages brought by Plaintiff, Claudia Wigley, an individual consumer, against Defendant, Firstsource Advantage, LLC ("Firstsource") for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA").

2. The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

3. Firstsource is subject to strict liability for collection activity which violates the provisions of the FDCPA.

**II.  JURISDICTION**

4. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §§ 1331, 1337.

**III.    PARTIES**

5.  Plaintiff, Claudia Wigley, ("Plaintiff"), currently resides in Scranton, Lackawanna County, Pennsylvania.

6. Firstsource is a business corporation incorporated in the State of New York, with a business address for the regular transaction of business located at 205 Bryan Woods South, Amherst, New York.  At all times relevant and material hereto, Firstsource regularly transacted business in this district operating a collection agency.

7.  Firstsource regularly engages in the collection of consumer debts using the mails and telephone.

8.  Firstsource regularly attempts to collect consumer debts alleged to be due another.

9. Firstsource is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

**V.    STATEMENT OF CLAIM**

10.  Within one year prior to the filing of this complaint, Plaintiff received telephone calls from Firstsource in an attempt to collect a debt allegedly owed to Capital One Bank (USA), N.A. ("Debt"), which arose out of a transaction which was incurred primarily for personal, family or household purposes ("Debt").

11. In or about September 2010, Firstsource, through its agent(s), telephoned Plaintiff in an attempt to collect the alleged debt.

12. In or about September 2010, Firstsource's agent, Ben Pangborn ("Mr. Pangborn") left the following voice mail message for Plaintiff:

> Hi I'm trying to reach a Claudia Wigley.  My name is Ben Pangborn.  I'm calling from Firstsource Advantage uh very important I speak with you right away it's just about ten of two right now I expect be here until about 7 or 8 p.m. tonight so feel free to call that late [inaudible].  We're open til then, my toll free number is 888-274-6488 the file number is 16514587.  Just refer to that you can get right through um happy to speak with ya anytime before eight pm.  Talk to you soon.  Bye bye.

13. Thereafter, Plaintiff informed Firstsource's agent, Mr. Pangborn, that she was represented by counsel with respect to the debt and provided Mr. Pangborn with her attorney's contact information.

14. Thereafter, on or about September 8, 2010 at approximately 10:48 a.m., Firstsource, through its agent, Mr. Pangborn telephoned counsel who confirmed representation of the Plaintiff with respect to the alleged debt.

15. Thereafter, on September 9, 2010 Mr. Pangborn, telephoned counsel for Plaintiff in an attempt to collect the alleged debt.

16. During the September 9, 2010 call, counsel for Plaintiff informed Mr. Pangborn that he had not spoken with his client since the previous call and that when he did he would call Firstsource.

17. Thereafter, on September 13, 2010 at approximately 10:22 a.m., Mr. Pangborn, telephoned counsel for Plaintiff in an attempt to collect the alleged debt.

18. During the September 13, 2010, counsel for Plaintiff again informed Mr. Pangborn that he would be in touch after he discussed the matter with his client.

19. Mr. Pangborn also telephoned Plaintiff on the morning of September 13, 2010 while she was at work and left the following voice mail message:

> Hi Claudia, this is Ben Pangborn with Firstsource Advantage, I'd like to speak with you personally um some time today, the 13th before 2:00. Toll free number is 888-274-6488. Reference number's 16514587. Thank you.

20. On September 23, 2010, at approximately 9:30 a.m. Mr. Pangborn telephoned Plaintiff at her residence and left a voice mail message on Plaintiff voice mail as follows:

> Claudia Wigley, this is Ben Pangborn with Firstsource Advantage. Its very important that you return the call [inaudible] ... happening at this point, I know nothings being done. Toll free number is 888-274-6488 file number is 16514587 September 23 9:30 am. Call me back as soon as you get the message. Thank you.

21. On September 23, 2010, at approximately 9:40 a.m., Mr. Panghorn telephoned Plaintiff at her place of employment.

22. During this call, Mr. Pangborn identified himself at which time Plaintiff informed him not to call her at work and that he was not to call her at all because she had an attorney.

23. Mr. Pangborn told Plaintiff that her attorney was not doing anything on the debt and that he hadn't even talked with counsel.

24. Plaintiff informed Mr. Pangborn that his statements were not true at which time he admitted that he had talked with counsel.

25. Despite knowing that Plaintiff was represented by counsel, Mr. Pangborn continued to attempt the collect the alleged debt.

26. Mr. Pangborn also stated to Plaintiff that nothing was being done to resolve this claim and that is why he was calling Plaintiff.

27. Plaintiff again told Mr. Pangborn not to call and to talk to her attorney.

28. Despite repeatedly being told by Plaintiff that she was represented by counsel, Mr. Pangborn continued to attempt to collect the alleged debt and stated to Plaintiff that he only wanted Plaintiff to know that she will be stuck with the $20,000 plus debt because no one is talking about a resolution.

29. Plaintiff again told Mr. Pangborn to talk to her attorney.

30. Mr. Pangborn told Plaintiff that he will tell his client that "there will be no resolution" of the claim.

31. Thereafter, on September 23, 2010, at approximately 10:48 a.m., counsel for Plaintiff telephoned Mr. Pangborn and informed him not to communicate with Plaintiff because she was represented by counsel, which Firstsource was well aware of. Mr. Pangborn responded by stating that he wanted to give Plaintiff the benefit of the doubt to see if anything could be done on the alleged debt.

32. It is believed and therefore averred that Firstsource recorded all or some of the above-referenced telephone calls.

33. The FDCPA provides in relevant part that without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. 15 U.S. C. § 1692c(a)(2).

34. The September 13, 2010 and September 23, 2010 calls by Firstource and its agent, Mr. Pangborn were made in connection with the collection of a debt, without the prior consent of Plaintiff given directly to Firstsource, or its agent(s) or the express permission of a court of competent jurisdiction in violation of section 1692c(a)(2).

35. At no time relevant or material hereto did Counsel for plaintiff fail to respond within a reasonable period of time to any communication from Firstsource. In fact, counsel spoke with Mr. Pangborn each and every time he called regarding the alleged debt.

36. The FDCPA provides in relevant part that a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

37. Mr. Pangborn's statements to Plaintiff during September 23, 2010 call that her attorney was not doing anything on the alleged debt, that he hadn't even talked with counsel, and only wanted her to know that she will be stuck with the $20,000 plus debt because no one is talking about a resolution violate section 1692e(10) of the FDCPA.

38. The FDCPA provides in relevant part that a debt collector must disclose in all subsequent communications with a consumer that the communication is from a debt collector. 15 U.S.C. § 1692e(11).

39. Mr. Pangborn failed to disclose in the voice mail messages left on Plaintiff's voice mail machine that the communication was from a debt collector in violation of 15 U.S.C. § 1692e(11).

40. The telephone contacts between Firstsource and Plaintiff constitutes "communications" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(2).

41. Firstsource knew or should have known that their actions violated the FDCPA. Additionally, Firstsource could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

42. At all times pertinent hereto, Firstsource was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Firstsource.

43. As a result of Firstsource's conduct, Plaintiff has sustained emotional and mental pain and anguish in the form of anxiety, loss of sleep, loss of appetite, nervousness and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great loss and detriment.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.
## CLAUDIA WIGLEY v.  FIRSTSOURCE ADVANTAGE, LLC.

44.  Plaintiff repeats the allegations contained above as if the same were herein set  forth at length.

45.  By communicating with Plaintiff in connection with the collection of an alleged debt without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction and after knowing that the Plaintiff was represented by an attorney with respect to such debt and had knowledge of and could readily ascertain Plaintiff's attorney's name and address, Firstsource violated section 1692c(a)(2) of the FDCPA.

46.  By making false representations or using deceptive means during the September 23, 2010 telephone communication to collect or attempt to collect the alleged debt, Firstsource violated section 1692e(10) of the FDCPA.

47.  By failing to disclose in all subsequent communications with a consumer that the communication is from a debt collector Firstsource violated section 1692e(11) of the FDCPA.

**WHEREFORE**, Claudia Wigley demands judgment against Firstsource Advantage, LLC for:

    (a)    Damages;

    (b)    Attorney's fees and costs;

    (c)    Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

**KELLEY & POLISHAN, LLC**

S/PATRICK WALSH
PATRICK WALSH, ESQUIRE/87931
259 S. KEYSER AVE.
OLD FORGE, PA 18518
PHONE: (570) 562-4520
FAX: (570) 562-4531

**ATTORNEY FOR PLAINTIFF
CLAUDIA WIGLEY**

G:\KPWS\Wigley 10001.17\COMPLAINT_FDCPA_FIRSTSOURCE.wpd